UNITED STATES DISTRICT COURT               SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ROLANDO B. MENCHACA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION H-03-5310 |
| | § | |
| JO ANN BARNHART, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.      *Introduction.*

The question in this action is whether substantial evidence supports the commissioner's decision that Rolando Menchaca is not disabled under the terms of the Social Security Act.  It does.

Menchaca brought this action for judicial review of the commissioner's final decision denying his claims for disability insurance benefits.  42 U.S.C. §§ 405(g), 416(i) and 423.  Both sides have moved for summary judgment. Menchaca asks for attorney's fees.

2.      *Standard of Review.*

Judicial review is limited to determining whether there is substantial evidence in the record as a whole to support the commissioner's decision.  *See Richardson v. Perales*, 402 U.S. 389 (1971).  In cases of administrative-agency decisions like this, the function of judicial review is to ensure that the bureau employed an essentially fair process, invalidating not those decisions with which the court might disagree but, those where governmental regularity has lapsed into an exercise of mere will.

A decision unsupported by substantial evidence must fail.  Substantial evidence means a level of proof that a reasonable mind might accept as adequate support of a conclusion.  This court may not independently weigh the evidence, try issues afresh, or

substitute its judgment for that of the secretary.  *See Jones v. Heckler*, 702 F.2d 616 (5th Cir. 1983).

3.      *The Statutory Criteria.*

The law establishes a two-part test for determining disability.  First, the claimant must suffer from a medically determinable impairment – physical or mental – that can be expected to last for at least twelve continuous months.  42 U.S.C. § 423(d)(1)(A).  Second, the impairment must be so severe that the claimant is unable to engage in substantial gainful activity.  42 U.S.C. § 423(d)(2)(A).

4.      *Background.*

*A. Disability*

Rolando B. Menchaca says he became disabled on April 1, 1997.  He has chronic back pain. He applied for disability benefits under the Social Security Act on April 10, 2001.

Menchaca last worked in 1993.  In 1995, he had a laminectomy – a surgery to relieve pressure on the spinal cord.  In April 1997, Menchaca's surgeon found that additional surgery could not relieve the pain and limited him to light clerical work where he could change position frequently.  In 1998, the surgeon excused Menchaca from work for three months.  The rest of 1998, he could do light or sedentary work despite post-laminectomy back pain.  In 1999, Menchaca was again allowed light work and had normal muscle strength.  Light work permits lifting 20 pounds, and sedentary work permits 10 pounds.

In 1999 and 2001, State Agency Medical Consultants also reviewed Menchaca's records, concluding that he could lift or carry 50 pounds occasionally and 25 pounds frequently.

In 2000 and 2001, a pain specialist examined Menchaca and did not find significant "pain behavior."  In 2001, he recommended implanting a spinal stimulator in response to Menchaca's complaints of pain.

*B. Attorney's Fees*

Menchaca appealed the decision of the hearing officer to the United States District Court.  The Commissioner of Social Security missed the deadline for filing an answer or a certified transcript.  Menchaca wants the court to award him attorney fees and expenses associated with that.

5.      *Application.*

*A. Disability*

Menchaca says that he has post-laminectomy chronic back pain.  The hearing officer correctly determined that Menchaca's impairment, as best measured by medical science, does not preclude him from working.

Menchaca's doctors consistently allowed him to perform light work and did not find muscle atrophy, neurological dysfunctions, or significant pain.  He failed to meet the Social Security Administration Listing of Impairments by ambulating effectively and not having motor, sensory, or reflex loss.  The Hearing Officer could have reasonably determined that Menchaca could work, including at his previous jobs as an operator of a waste-treatment plant and as a security guard.  Similarly light jobs are common in the economy.

*B. Attorney's Fees*

The Commissioner's missing the deadline for filing an answer does not warrant an award of attorney's fees, for his sloth required no extra work by petitioner's counsel.

6.    *Conclusion*.

The decision of the commissioner denying Menchaca's claim for disability insurance benefits is supported by substantial evidence and should be affirmed.


Signed June 22, 2005, at Houston, Texas.


Lynn N. Hughes
United States District Judge